**WO**  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 04-1303-PHX-MHM |
| Plaintiff/Respondent, | No. CV 08-550-PHX-MHM (CRP) |
| v. | **ORDER** |
| Vincente Ortiz, | |
| Defendant/Movant. | |

Movant Vincente Ortiz, who is confined in the Federal Correctional Institution-Victorville in Adelanto, California, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1]  The Court will require a response to the Motion.

**I.    Procedural History**

Movant was tried by a jury and convicted of Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326(a).  Movant was sentenced to a 52-month term of imprisonment to be followed by 3 years on supervised release.  Movant appealed, and the Ninth Circuit Court of Appeals affirmed Movant's conviction and sentence by mandate issued April 12, 2007.

---

[1] Movant filed a previous § 2255 Motion on July 3, 2006.  That Motion was denied because Movant's appeal was still pending before the Ninth Circuit Court of Appeals.

**TERMPSREF**

Movant alleges two grounds for relief in the § 2255 Motion: (1) Movant's trial and appellate counsel were ineffective; and (2) the indictment was illegal, depriving the Court of jurisdiction. The Court will require a response to the Motion.

**II.    Warnings**

**A.    Address Changes**

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

**C.    Possible Dismissal**

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court must deliver copies of the Motion Under 28 U.S.C. § 2255 (Doc. #117 in CR 04-1303-PHX-MHM), and this Order to the United States Attorney for the District of Arizona.

(2)    United States Attorney for the District of Arizona must answer the Motion within 60 days from the date of service. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only

1 those portions of the record relevant to those defenses need be attached to the answer.
2 Failure to set forth an affirmative defense in an answer may constitute a waiver of the
3 defense. Cf. Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); Morrison v.
4 Mahoney, 399 F.3d 1042 (9th Cir. 2005). If not limited to affirmative defenses, the answer
5 shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section
6 2255 Cases.

   (3)   Movant may file a reply within 30 days from the date of service of the answer.

   (4)   The Motion is referred to Magistrate Judge Charles R. Pyle for further
proceedings and report and recommendation.

   DATED this 14th day of April, 2008.

   _____
   Mary H. Murguia
   United States District Judge